RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0731-MR

MARY ROSS                                             APPELLANT


               APPEAL FROM JEFFERSON CIRCUIT COURT
v.              HONORABLE DENISE D. BROWN, JUDGE
               ACTION NO. 15-CI-502860


WILLIAM ROSS                                 APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE: Mary Ross appeals from orders of the Jefferson Circuit Court which awarded her $500 in attorney fees. Appellant argues that she was entitled to a larger award of attorney fees. After reviewing Appellant's arguments and the law, we agree that Appellant is entitled to a larger award of attorney fees; therefore, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant and William Ross were divorced in 2015. As part of their divorce decree, the court incorporated by reference the parties' marital settlement agreement. That agreement awarded Appellant $1,000 per month in maintenance. The settlement agreement also required any party who defaulted on the terms of the agreement to pay the costs and attorney fees for the other party seeking to enforce the terms. Over the years, Appellee began to fall behind on his maintenance payments and accrued an arrearage.

On January 17, 2023, Appellant moved to hold Appellee in contempt for continuing to fall into arrears on his maintenance payments. The motion also requested she be awarded attorney fees. A hearing was set for March 23, 2023. In February of 2023, Appellant propounded upon Appellee discovery requests, which Appellee failed to respond to. Appellant then filed a motion to compel, which was granted. Appellee still failed to comply with the discovery request. Appellant then filed a motion seeking sanctions against Appellee for failing to answer her discovery requests in violation of the court's order. This motion also sought an award of attorney fees. Appellant's trial counsel filed an affidavit with the court outlining the amount of time he has spent on the case and the amount of attorney fees Appellant had accrued. Appellant had incurred $5,920 in attorney fees since

the January motion for contempt.  In addition, $1,400 of that amount was directly related to Appellee's failure to answer discovery.

At the March 23 hearing, Appellee appeared telephonically and without representation.  He admitted he had not been paying Appellant the full amount of his maintenance obligation.  He also acknowledged that the settlement agreement allowed Appellant to seek attorney fees from him.

On April 11, 2023, the trial court entered an order which found that Appellee's arrearage was $28,444.03.  The court awarded Appellant a judgment against Appellee in that amount.  The court also awarded Appellant $500 in attorney fees.  On April 20, 2023, Appellant filed a motion to alter or amend and requested the court increase the amount of attorney fees she was awarded.  The court declined to increase the attorney fee award and this appeal followed.

## ANALYSIS

We must first address the fact that Appellee did not file a brief. Kentucky Rules of Appellate Procedure (RAP) 31(H)(3) states:

> If the appellee's brief has not been filed within the time allowed, the court may:  (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

What sanctions to impose, if any, are left to our discretion. *F.E. v. E.B.*, 641 S.W.3d 700, 705 (Ky. App. 2022). In this case, we choose to review the issue on appeal based on the merits.

Appellant raises one issue on appeal: whether the court erred by only awarding her $500 in attorney fees. We review a trial court's decision regarding the award of attorney fees for an abuse of discretion. *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

We believe the trial court erred in its award of attorney fees because of the terms of the marital settlement agreement. Kentucky Revised Statutes (KRS) 403.180 states in relevant part:

> (1) To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for maintenance of either of them, disposition of any property owned by either of them, and custody, support and visitation of their children.

> (2) In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

. . .

> (5) Terms of the agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms.

Here, the court found that the settlement agreement was not unconscionable and incorporated it into the divorce decree.

Settlement agreements "are a type of contract and therefore are governed by contract law[.]" *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003) (internal quotation marks, footnote, and citation omitted). "It is well established that construction and interpretation of a written instrument are questions of law for the court. We review questions of law *de novo* and, thus, without deference to the interpretation afforded by the circuit court." *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998) (citations omitted).

The settlement agreement states:

> The parties agree that in the event either party defaults or breaches any of his or her respective obligations and duties as contained in this agreement, then the defaulting or breaching party shall be responsible for and pay to the injured party, in addition to such other damages as any court may award, all of his or her attorneys' fees, court costs, and other related expenses incurred to enforce the provisions contained herein against the defaulting party.

After reviewing the terms of the settlement agreement and KRS 403.180(2), which requires that those terms be binding upon the court, we conclude that the trial court

abused its discretion in only awarding Appellant $500. The settlement agreement is clear in that it requires the party who breached the agreement to pay the costs and attorney fees of the injured party. Here, Appellee violated the settlement agreement by not paying his maintenance obligation. Appellant then incurred attorney fees trying to recover the money she was entitled to. Furthermore, there was no finding that awarding Appellant attorney fees was unconscionable or overburdensome to Appellee. Appellant is entitled to her reasonable attorney fees.

## **CONCLUSION**

Based on the foregoing, we reverse and remand for additional proceedings. On remand, the trial court shall determine Appellant's reasonable attorney fees that she incurred in trying to collect the maintenance money owed to her. Appellant is entitled to recover those fees based on the terms of the settlement agreement.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Jason A. Bowman
Louisville, Kentucky